GARMAN TURNER GORDON LLP
GERALD M. GORDON, ESQ.
Nevada Bar No. 229 (admitted *pro hac vice*)
E-mail: ggordon@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605 (admitted *pro hac vice*)
E-mail: tpilatowicz@gtg.legal
650 White Drive, Ste. 100
Las Vegas, Nevada 89119
Telephone 725-777-3000

FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
PAUL J. PASCUZZI, ESQ.
California Bar No. 148810
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone 916-329-7400

*Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CHICO HEALTH IMAGING, LLC,<br><br>    Debtor. | Case No.: 2017-20247<br>DC No. N/A<br><br>Chapter 11<br><br>Date: July 25, 2017<br>Time: 2:00 p.m. |

**FINDINGS OF FACT LAW AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION DATED JUNE 12, 2017**

    Chico Health Imaging, LLC, a California limited liability company, debtor and debtor-in-possession ("Debtor"), filed *Debtor's Plan of Reorganization Dated June 12, 2017* [ECF No. 236] (the "Plan")[1] on June 12, 2017. The Plan is incorporated into these findings of fact and conclusions of law by this reference. The Court held the Confirmation Hearing on the Plan on July 25, 2017, at 2:00 p.m. and after due deliberation and sufficient cause appearing in accordance with Federal Rule of Civil Procedure 52, as incorporated pursuant to Federal Rule

---

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Plan.

GARMAN TURNER GORDON LLP

RECEIVED
July 27, 2017
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006096809

of Bankruptcy Procedure 9014, the Court orally stated its findings of fact and conclusions of law on the record and reported them in open Court at the Confirmation Hearing and such findings of fact and conclusions of law are incorporated herein by this reference.

**IT IS HEREBY FOUND AND DETERMINED** by this Court, together with the findings of fact and conclusions of law made on the record at the Confirmation Hearing, (collectively, the "Findings and Conclusions") as follows:

1. This Court relies upon and takes judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the docket in the Chapter 11 Case including, without limitation, all filed pleadings and declarations, expressly including Kenneth M. Woolley (the "Declaration") [ECF No. 271] filed in support of confirmation of the Plan, all entered orders, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case, including at the Confirmation Hearing.

2. The testimony introduced and admitted into evidence by Debtor by way of the Declaration at the Confirmation Hearing was unrebutted.

3. North State Radiology Medical Group, Inc. filed an objection to the Plan [ECF No. 264], which objection was resolved by the parties prior to the Confirmation Hearing. The resolution requires certain revisions to the Plan and Woolley Agreement, which modifications are set forth in the *Order Confirming Debtor's Plan of Reorganization Dated June 12, 2017*, entered herewith. To the extent any objections remained at the time of the Confirmation Hearing, such objections are overruled.

4. The Court has considered the analysis set forth in the Debtor's brief in support of confirmation of the Plan [ECF No. 270] and has undertaken an independent analysis of the Plan and the requirements of Section 1129 of the Bankruptcy Code and has determined that the Plan meets each of the applicable requirements of Section 1129 of the Bankruptcy Code.

5. On January 16, 2017 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned Chapter 11 Case. No committee, trustee, or examiner has been appointed in the Chapter 11 Case.

6. This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding in which the Court may enter a final order in accordance with 28 U.S.C. § 2157(b)(2). Venue of the Chapter 11 Case in District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The Disclosure Statement contains "adequate information" within the meaning of Section 1125.

8. In accordance with Section 1126(b) of the Bankruptcy Code, the Court finds and concludes that the solicitation of votes to accept or reject the Plan complied with all applicable nonbankruptcy laws, rules, and regulations governing the adequacy of disclosure in connection with such solicitation, and that such solicitation was conducted after disclosure of adequate information as defined in Section 1125(a) of the Bankruptcy Code.

9. The Plan complies with Section 1129(a)(1) of the Bankruptcy Code, including the requirements of Sections 1122 and 1123 of the Bankruptcy Code.

10. Debtor has complied with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Practice for the United States Bankruptcy Court for the Eastern District of California, and all orders of this Court with respect to the Plan.

11. Good, sufficient, and timely notice of the Confirmation Hearing has been given to Holders of Claims and Equity Securities and to other parties-in-interest to whom notice is required to be given in accordance with the Disclosure Statement Order [ECF No. 241], the Bankruptcy Code, and the Bankruptcy Rules.

12. The solicitation of votes was made in good faith and in compliance with the applicable provisions of the Bankruptcy Code and all other rules, laws, and regulations, and such solicitation was conducted after disclosure of "adequate information" as defined in Section 1125 of the Bankruptcy Code. Ballots of Holders of Claims entitled to vote were properly solicited and tabulated in accordance with the Disclosure Statement Order and the Bankruptcy Code. Debtor therefore complied with Section 1129(a)(2) of the Bankruptcy Code, including, but not limited to the requirements set forth in Sections 1125 and 1126 of the Bankruptcy Code.

13. The Plan has been proposed in good faith and not by any means forbidden by law, as evidenced by, among other things, the totality of the circumstances surrounding the formulation of the Plan, the record of the Chapter 11 Case, and the evidence admitted at the Confirmation Hearing. The Plan provides the greatest opportunity to maximize the value of the Estate, and Debtor has exercised sound and reasonable business judgment in proposing the Plan. As such, the Plan satisfies the requirements of Section 1129(a)(3) of the Bankruptcy Code.

14. The Plan complies with the requirements of Section 1129(a)(4) of the Bankruptcy Code in that all payments to be made for services or for costs and expenses in or connected with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by or are subject to approval of the Court as reasonably required.

15. The Plan complies with the requirements of Section 1129(a)(5) of the Bankruptcy Code in that Debtor has disclosed the identity, affiliation, and compensation of post-Effective Date management under the Plan and that such appointment is consistent with the interests of Creditors and Equity Security Holders and with public policy.

16. Section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Chapter 11 Case because the Plan does not contain rate changes for which a governmental regulatory commission has jurisdiction after confirmation.

17. The Plan complies with Section 1129(a)(7) of the Bankruptcy Code in that each Holder of a Claim or Equity Security in Classes 1 through 6 has either voted to accept the Plan and/or will receive under the Plan property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if Debtor were liquidated under Chapter 7.

18. Classes 3 and 5 submitted Ballots accepting the Plan. However, as Class 1 and 4 did not submit Ballots accepting the Plan, and as Class 6 is deemed to have rejected the Plan, Debtor has not satisfied Section 1129(a)(8) of the Bankruptcy Code, thereby necessitating approval under Section 1129(b) for such Class.

19. The Plan's treatment of Allowed Administrative Claims, Allowed Priority Tax Claims, and other unclassified priority claims as set forth in Section 507(a) satisfies the

requirements set forth in Section 1129(a)(9) of the Bankruptcy Code because, except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that the Holders of each Allowed Administrative Claim shall be paid in full, in Cash; and (ii) the Holders of Allowed Priority Tax Claims shall be paid in full, in Cash, or in such amounts and on such other terms as may be agreed to by the Holders of such Claims and Debtor or Reorganized Debtor. Therefore, the Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

20. As Class 3 has accepted the Plan without including acceptance by any insiders (as defined by Section 101(31) of the Bankruptcy Code), the Plan satisfies Section 1129(a)(10) of the Bankruptcy Code.

21. The Plan complies with Section 1129(a)(11) of the Bankruptcy Code in that confirmation will not likely be followed by the liquidation or the need for further financial reorganization of Debtor, except as proposed in the Plan. The Plan offers a reasonable prospect of success; it provides a reasonable probability that the provisions of the Plan can be performed. Therefore, the Plan satisfies the feasibility test set forth in Section 1129(a)(11) of the Bankruptcy Code.

22. The Plan complies with the requirements set forth in Section 1129(a)(12) of the Bankruptcy Code in that the Plan provides for the payment of all fees under 28 U.S.C. § 1930 as of the Effective Date or as they come due after such time.

23. Section 1129(a)(13) of the Bankruptcy Code is satisfied as there are no retiree benefits (as defined in Section 1114 of the Bankruptcy Code) affected under the Plan.

24. Debtor is not required or obligated on any domestic support obligation and thus Section 1129(a)(14) of the Bankruptcy Code is inapplicable.

25. Debtor is not an individual and thus Section 1129(a)(15) of the Bankruptcy Code is inapplicable.

26. Debtor is a moneyed, business, or commercial entity and thus Section 1129(a)(16) of the Bankruptcy Code is inapplicable.

27. The Plan fairly and equitably treats the Class 1 Secured Claim, Class 4 NSR

Claim, and Class 6 Equity Securities as Holders of Secured Claims can repossess their collateral if not already repossessed, and any holder of a junior interest will receive or retain anything under the Plan, thereby satisfying Section 1129(b)(2) of the Bankruptcy Code.

28. Without limitation, all documents and agreements necessary to implement the Plan have been negotiated in good faith, at arm's length, and are in the best interests of Debtor, the Estate, and Debtor's Creditors.

29. Debtor and its attorneys, accountants, and advisors have acted in good faith with respect to the solicitation of votes to accept or reject the Plan and Debtor and its attorneys, accountants, and advisors are entitled to the protection under Section 1125(e) of the Bankruptcy Code.

30. The exculpations, releases, and injunctions contained within the Plan, including Sections 9.3, 9.4, and 9.5 of the Plan comply with the Bankruptcy Code and the Federal Rules of Bankruptcy Rules.

31. The Court's retention of jurisdiction as set forth in Section 10 of the Plan comports with the parameters contained in 28 U.S.C. § 157.

32. Notice of all proceedings regarding or relating to confirmation of the Plan, including without limitation of the Confirmation Hearing, was adequate under the circumstances and complied with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

33. Pursuant to Sections 105(a), 363, 1123(b)(3), 1129, and 1141 of the Bankruptcy Code and Bankruptcy Rule 3016, the settlements, compromises, discharges, releases, and injunctions set forth in the Plan are approved as an integral part of the Plan, are fair, equitable, reasonable, and in the best interest of Debtor, its Estate, and the Holders of Claims and Equity Securities.

. . .

. . .

. . .

34. The failure specifically to include or reference or any particular provision of the Plan in these Findings and Conclusions shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

**IT IS SO ORDERED.**

| PREPARED AND SUBMITTED: | APPROVED: |
|---|---|
| GARMAN TURNER GORDON LLP | FOX ROTHSCHILD LLP |
| By: /s/ Gerald M. Gordon | By: /s/ Dale L. Bratton |
| GERALD M. GORDON, ESQ. | Michael A. Sweet, Esq. |
| (admitted *pro hac vice*) | Dale L. Bratton |
| TERESA M. PILATOWICZ, ESQ. | Fox Rothschild LLP |
| (admitted *pro hac vice*) | 345 California Street |
| 650 White Drive, Ste. 100 | Suite 2200 |
| Las Vegas, Nevada 89119 | San Francisco, CA 94104 |
| Telephone 725-777-3000 | Telephone 415-364-5540 |
| | *Attorneys for North State Radiology Group, Inc.* |
| FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP | |
| PAUL J. PASCUZZI, ESQ. | |
| California Bar No. 148810 | |
| 400 Capitol Mall, Suite 1750 | |
| Sacramento, CA 95814 | |
| Telephone 916-329-7400 | |
| *Attorneys for Debtor* | |

###

**Dated:** July 27, 2017

/s/ Christopher D. Jaime
Christopher D. Jaime, Judge
United States Bankruptcy Court

GARMAN TURNER GORDON LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000